# In the United States Court of Appeals for the First Circuit

---

**UNITED STATES,**
*Appellee,*

v.

**DIEGO FERNÁNDEZ-SANTOS,**
*Defendant - Appellant.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---

**MOTION TO EXPEDITE**

---

**TO THE HONORABLE COURT:**

Mr. Fernández, the appellant, respectfully asks the Court to issue an order expediting disposition of this case. This request is based on the strength of the merits of Mr. Fernández's briefing and the risk of overservice should this Court vacate the judgment below.

Mr. Fernández's opening brief, filed June 26, 2025, challenges the imposition of the statutory maximum sentence of five years for a supervised release violation. Opening Br. 1-30. Where the brief argues the government never established conduct

amounting to a Grade A violation, the district court determined such conduct occurred and imposed a five-year sentence. *See* Opening Br. 14-16. Should this Court find that reversible error occurred, any resentencing hearing would begin with a Grade B range, which would be no greater than 8 to 14 months. Opening Br. 16. As mentioned in the brief, where the sentencing court was working from a range more than twice as high, the offense-grading error leaves the real possibility that the court would have sentenced lower had it started with the right guideline range. *See United States v. Colón-Maldonado*, 953 F.3d 1, 13 (1st Cir. 2020); *see also United States v. Guía-Sendeme*, 134 F.4th 611, 624-25 (1st Cir. 2025).

Where Mr. Fernández's first argument illustrates that the possibility exists of a sentence below the Grade A should this Court remand, the remaining arguments challenge the basis for the severity of the 60-month sentence and argue the case should be viewed by a fresh set of judicial eyes if resentencing proceedings are held. Opening Br. 17-30. Since Mr. Fernández has been imprisoned since at least February 2023, his time in custody of roughly 29 calendar months far exceeds the higher end of a Grade B sentence. He therefore risks overservice if resentencing is not held in the very near future.

Meanwhile, this Court ordered a response by the appellee by July 25, 2025. The appellee's briefing notice was served on numerous attorneys for the government, including government sentencing counsel and the former chief of the U.S. Attorney's Appellate Division. The responsibility for filing government briefs on appeals is shared between the Attorney General's Criminal Division and the local U.S. Attorney's Office. *See generally* https://www.justice.gov/criminal/appellate-section. Presently, briefing has not been submitted by the Office of the Attorney General. Nor has the U.S. Attorney's Office filed a brief. Nor have those offices filed a request for an extension of time or otherwise sought relief from this Court's Order to file a brief by the July 25, 2025 deadline. After the July 25, 2025 deadline lapsed, on July 28, 2025, the undersigned emailed government counsel, including the assistant U.S. attorney who handled the proceedings below. I also emailed the incoming chief of the U.S. Attorney's Appellate Division and left the chief a voicemail message on the same. To be sure the chief received this courtesy notice (the electronic service list does not expressly list his email.), I also emailed his legal assistant to remind the government it had missed the briefing deadline.

To date, 21 days have passed since the final briefing deadline for the government. The government is aware that this is an appeal taken as a matter of right. *See generally* 18 U.S.C. § 3742. And it knows this Court has an obligation to promptly

adjudicate matters properly before it. It further knows that Mr. Fernández has a duty to prosecute his appeal and protect his own liberty rights. Yet, it has not taken any position against Mr. Fernández's arguments on appeal.

As such, given the strength of Mr. Fernández's arguments and the risk of overservice, this matter should be expedited so that review can take place promptly and an effective remedy imposed if this Court agrees that reversible error occurred.

**WHEREFORE,** it is respectfully requested that the Court expedite resolution of this case.

**RESPECTFULLY SUBMITTED** on August 15, 2025.

> **RACHEL BRILL**
> Federal Public Defender
> District of Puerto Rico
>
> **FRANCO L. PÉREZ-REDONDO**
> Assistant Federal Public Defender
> Supervisor, Appellate Unit
>
> **S/KEVIN E. LERMAN\***
> Assistant Federal Public Defender
> First Circuit Bar No. 1194361
> Tel.: (787) 281-4922
> Email: Kevin_Lerman@fd.org

**\*CERTIFICATION:** I ECF-filed this motion on August 15, 2025, notifying all parties of record, including counsel for the appellee.